IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATARI INTERACTIVE INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0704-D |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY et al., | § | |
| | § | |
| Defendants. | § | |

## **TRIAL SETTING ORDER**

TRIAL SETTING: September 22, 2025

PLEASE READ THIS ORDER BEFORE CONTACTING THE COURT FOR ADDITIONAL INFORMATION. IF YOU STILL HAVE QUESTIONS, YOU MAY CONTACT THE COURT USING THE HELP DESK OPTION DESCRIBED IN ¶ 19, OR BY CALLING THE COURT COORDINATOR AT (214)753-2336. DO NOT CALL THE LAW CLERKS.

### Application of Rules

1. The parties must comply with the Federal Rules of Civil Procedure (hereafter cited by "Rule" number) and the local civil rules of this court (hereafter cited by "LR" number). If the court, by order entered in this case, has modified the application of a Federal Rule of Civil Procedure or a local civil rule, the court's order governs.

### Paper Judge's Copies of Electronic Filings

2. The parties are excused from submitting the "judge's copy" of a pleading, motion, or other paper required by N.D. Tex. Civ. R. 5.1(b). The court will specifically request a judge's copy if one is needed.

### Trial Setting

3. This case is set for trial on the date indicated above, for a two-week docket. When the term "trial setting" is used in this order, it means that date. The court will assume that counsel and their clients are available to commence trial at any time during the two-week period unless the court has otherwise given prior approval. If the case is not reached for trial during this period, the trial date will be reset.

4. Counsel with out-of-town witnesses or other scheduling concerns that require more than the usual advance notice should advise the court by letter. When possible, the court will attempt to accommodate reasonable scheduling conflicts of counsel, parties, and witnesses.

### Pretrial Conference

5. A pretrial conference will usually be conducted, telephonically or in person, no later than the week that precedes the date that trial is expected to begin. If the court anticipates imposing time limits on the presentation of evidence that significantly reduce the parties' estimated trial length, the court will conduct a pretrial conference sufficiently in advance of trial so that counsel will have reasonable notice of such limits. See ¶ 7.

### Motions for Continuance

6. LR 40.1 provides: "A motion for continuance of a trial setting must be signed by the moving party as well as by the party's attorney of record. Unless the presiding judge orders otherwise, the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case."

### Limitations on Presentation of Evidence

7. Section VII of the court's Civil Justice Expense and Delay Reduction Plan, Misc. Order No. 46, permits the presiding judge to "limit the length of trial, the number of witnesses each party may present for its case, the number of exhibits each party may have admitted into evidence, and the amount of time each party may have to examine witnesses." Rule 16(c)(2)(O) permits the court to "establish[] a reasonable limit on the time allowed to present evidence[.]" Accordingly, before the trial commences, the court will impose time limits on the presentation of evidence, and it may set other limits permitted by the Plan or by law. Unless leave of court is obtained, the court will also limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The court also follows the scope of cross-examination rule of Fed. R. Evid. 611(b).

### Trial Materials and Pretrial Disclosures

8. The deadlines for complying with LR 26.2(a) and (c) (exchanging exhibits and designating deposition excerpts), LR 26.2(b) (lists of exhibits and witnesses), and LR 52.1 (proposed findings and conclusions in nonjury cases) are 14 days before the date of the trial setting. Requested instructions and questions in jury cases must be filed no later than 14 days before the date of the trial setting. When practicable, each party must furnish copies of its trial exhibits to the court. Unless the court advises the parties otherwise, however, they must not deliver trial exhibits, or the court's copies of such exhibits, to the court or to the court reporter before the date the trial actually commences.

9. The court construes LR 26.2(a) and (b) to require the exchanging and listing of any exhibit (except impeachment documents) that a party intends to offer in evidence or to use in the presence of the court or jury as a demonstrative aid, regardless whether the party intends to move its admission in evidence. The court construes narrowly the impeachment exceptions of Rule 26(a)(3) and LR 26.2(a) and (b).

10. Witness lists and exhibit lists must be prepared as separate documents. Exhibit lists must contain a brief description (e.g., July 1, 2009 contract) of each exhibit, and must separately list each exhibit by the number that will be used at trial. Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C). Witness lists must separately list each witness and must separately identify expert witnesses. Consistent with the requirements of Rule 26(a)(3)(A)(i), witness lists must designate witnesses whom the party expects to present and those whom the party may call if the need arises. Witness lists and exhibit lists may not be amended after the applicable deadline except by agreement of all affected parties or with leave of court.

11. The parties must file proposed voir dire questions, if any, at least 14 days before the date of the trial setting. The court will conduct the principal voir dire. Unless counsel are otherwise notified, the court will permit one attorney per side to ask follow-up questions (a time limit of ten minutes is usually imposed).

Rule 26(a)(3) Disclosures and Objections

12. The court expects the parties to comply fully with the disclosure and objection requirements of Rule 26(a)(3). The required pretrial disclosures must be made at least 30 days before the date of the trial setting. Any required objections must be served and filed, in the required form, no later than 14 days before the date of the trial setting. The parties' obligations to comply with the requirements of Rule 26(a)(3) are in addition to their obligations to comply with LR 26.2(a) and (b). For example, Rule 26(a)(3) disclosures must be filed in a document that is separate from the exhibit and witness lists required by LR 26.2(a) and (b).

Proposed Pretrial Order

13. The proposed pretrial order (styled as the "Pretrial Order") required by LR 16.4 must be submitted electronically to Fitzwater Orders@txnd.uscourts.gov in WordPerfect or Word format at least 14 days before the scheduled date for trial.

14. The parties must jointly submit one proposed pretrial order, signed by at least one counsel of record for each party, or personally by any party proceeding pro se. If a party objects to a part of the proposed pretrial order that an opposing party has included, the objecting party may note its objection in the proposed pretrial order, but must otherwise participate in submitting a single, joint proposed pretrial order. The proposed pretrial order must contain each of the matters specified in LR 16.4.

Motions in Limine

15. Motions in limine must not be filed as a matter of course. If filed, counsel must file them with the court and serve them on the opposing party at least 14 days before the date of the trial setting. Responses must be filed with the court and served on the opposing party at least 7 days before the date of the trial setting. Replies to responses are not permitted except by leave of court.

16. Motions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party and (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

### Attorney's Fees

17. Unless the substantive law governing the action provides for the recovery of attorney's fees as an element of damages to be proved at trial, the court will consider attorney's fee claims on motion made after entry of judgment. See Rule 54(d)(2). The parties are not required to list witnesses or exhibits regarding an attorney's fee claim unless the claim is to be proved at trial.

### Trial Schedule

18. The court's normal working hours during trial are 9:00 a.m. to 5:00 p.m., Monday through Thursday. Although the court permits juries to deliberate on Fridays, it does not normally conduct trial on Fridays.

19. You may obtain answers to frequently asked questions, or submit questions to chambers staff regarding this trial setting order, using Judge Fitzwater's Chambers Online Help Desk, found at the following Internet address: http://cf.txnd.uscourts.gov/www2/forms/saf_email.cfm. You may also contact the court coordinator by telephone at 214-753-2336.

**SO ORDERED**.

July 3, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE