UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 3:24-cv-00704-D <br><br> **ANSWER TO COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendants State Farm Mutual Automobile Insurance Company ("State Farm"), The Marketing Arm, Inc. ("TMA"), and August Pask Partners LLC, d/b/a Hudson editorial ("Hudson") (together "Defendants"), hereby respond to the complaint of plaintiff Atari Interactive, Inc. ("Atari") as follows:

### I.     INTRODUCTION

1. Defendants admit that Atari has filed this lawsuit against State Farm, TMA, and Hudson. Except as otherwise admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and deny them on that basis.

3. Defendants admit that Atari accurately quotes the website alleged in Paragraph 3. Except as otherwise admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

1

5.      State Farm and TMA admit that the video that is the subject of the Complaint ("Video") was disseminated on social media channels and received a certain number of impressions. Hudson lacks knowledge or information about the dissemination of the Video, and denies the same allegations on that basis. Except as otherwise admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      As to the allegations about consumer online commentary, Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and deny them on that basis. Except as otherwise admitted, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      To the extent the allegations in Paragraph 8 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants admit they never requested or received a license from Atari in connection with the Video because they were unaware of the presence of any Crystal Castles intellectual property on the cabinet depicted in the Video ("Cabinet") and thus did not have reason to believe a license was needed. Except as otherwise admitted, Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit that Atari has brought this lawsuit seeking various remedies for alleged copyright infringement. Except as otherwise admitted, Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations in Paragraph 10 of the Complaint.

## II.     THE PARTIES

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12. State Farm denies the allegations in Paragraph 12 of the Complaint. Hudson and TMA lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13. TMA admits the allegations in Paragraph 12 of the Complaint. Hudson and State Farm lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14. Hudson admits that it is a limited liability company. Hudson denies that its principal place of business is in Bloomfield Hills, Michigan. State Farm and TMA lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15. To the extent the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants deny the allegations in Paragraph 15 of the Complaint.

### III.   JURISDICTION AND VENUE

16. Defendants admit this Court has subject matter jurisdiction over this action.

17. Defendants do not contest that venue over this action is proper in the United States District Court for the Northern District of Texas.

18. Defendants do not contest that this Court as personal jurisdiction over them for purposes of this action only.

### IV.   FACTUAL ALLEGATIONS

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27. State Farm admits that it deploys advertising, marketing, and promotional campaigns to grow its insurance business, including campaigns featuring the slogan "Like a good neighbor, State Farm is there" and campaigns featuring the "Jake from State Farm" character.  Except as otherwise admitted, State Farm denies the allegations in Paragraph 27 of the Complaint.  Hudson and TMA lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28. TMA admits that it is a global marketing and advertising agency that specializes in digital and social media and content creation and production on behalf of brands (State Farm and Hudson lack knowledge or information sufficient to form a belief as to the truth of this allegation and on that basis deny it).  Hudson admits it is a multi-media production company (State Farm and TMA lack knowledge or information sufficient to form a belief as to the truth

this allegation and on that basis deny it). Defendants admit that Hudson created the Video in connection with TMA and State Farm. Except as otherwise admitted, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. To the extent the allegations in Paragraph 29 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants admit that they collaborated to create and produce the Video. Except as otherwise admitted, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. To the extent the allegations in Paragraph 30 are legal arguments or conclusions, they require no answer. To the extent an answer is required, State Farm and TMA admit that the Video was posted via various social media channels including X, Reddit, and YouTube (Hudson lacks knowledge or information sufficient to form a belief as to the truth this allegation and on that basis denies it). Defendants admit they did not obtain any license from Atari in connection with the Video because they were unaware of the presence of any Crystal Castles intellectual property on the Cabinet depicted in the Video and thus did not have reason to believe a license was needed. Except as otherwise admitted, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants admit that the marquee on the Cabinet displayed the title of a fictional video game, "Witch's Broom." Defendants further admit that portions of the wrap on the Cabinet, which Atari alleges is from "Crystal Castles," were inadvertently featured in the Video. Except as otherwise admitted, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. To the extent the allegations in Paragraph 32 relate to Atari's Third Cause of Action for business disparagement, the Court has dismissed the Third Cause of Action, such that

no response to the allegations in this Paragraph is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 regarding consumer communications and deny them on that basis.  Defendants otherwise deny the allegations in Paragraph 34 of the Complaint.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 regarding consumer communications and deny them on that basis.  Defendants otherwise deny the allegations in Paragraph 35 of the Complaint.

36. Defendants admit that Atari accurately quotes the website alleged in Paragraph 36.  Except as otherwise admitted, Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 regarding consumer communications and deny them on that basis.  Defendants otherwise deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGMENT (17 U.S.C. § 101, *et seq.*)

40. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

41. To the extent the allegations in Paragraph 41 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants deny the allegations in Paragraph 41 of the Complaint.

42. To the extent the allegations in Paragraph 42 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants admit they did not receive a license from Atari in connection with the Video because they were unaware of the presence of any Crystal Castles intellectual property on the Cabinet depicted in the Video and thus did not have reason to believe a license was needed. Except as otherwise admitted, Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. To the extent the allegations in Paragraph 44 are legal arguments or conclusions, they require no answer. Defendants otherwise deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. To the extent the allegations in Paragraph 46 are legal arguments or conclusions, they require no answer. Defendants otherwise deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 46 of the Complaint.

48. To the extent the allegations in Paragraph 48 are legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. To the extent the allegations in Paragraph 49 are legal arguments or conclusions, they require no answer.  To the extent an answer is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

50. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 50 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

51. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 51 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

52. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 52 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

53. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 53 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

54. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 54 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

55. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 55 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

56. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 56 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

57. The Court has dismissed the Second Cause of Action, such that no response to the allegations in Paragraph 57 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

### THIRD CAUSE OF ACTION
### BUSINESS DISPARAGEMENT

58. The Court has dismissed the Third Cause of Action, such that no response to the allegations in Paragraph 58 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

59. The Court has dismissed the Third Cause of Action, such that no response to the allegations in Paragraph 59 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

60. The Court has dismissed the Third Cause of Action, such that no response to the allegations in Paragraph 60 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

61. The Court has dismissed the Third Cause of Action, such that no response to the allegations in Paragraph 61 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

62. The Court has dismissed the Third Cause of Action, such that no response to the allegations in Paragraph 62 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION

63. The Court has dismissed the Fourth Cause of Action, such that no response to the allegations in Paragraph 63 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

64. The Court has dismissed the Fourth Cause of Action, such that no response to the allegations in Paragraph 64 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

65. The Court has dismissed the Fourth Cause of Action, such that no response to the allegations in Paragraph 65 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

66. The Court has dismissed the Fourth Cause of Action, such that no response to the allegations in Paragraph 66 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

67. The Court has dismissed the Fourth Cause of Action, such that no response to the allegations in Paragraph 67 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## FIFTH CAUSE OF ACTION
### FALSE INFORMATION AND ADVERTISING (STATE FARM)

68. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 68 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

69. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 69 of the Complaint is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

70. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 70 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

71. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 71 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

72. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 72 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

73. The Court has dismissed the Fifth Cause of Action, such that no response to the allegations in Paragraph 73 of the Complaint is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## **PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not require a response.

## **DEMAND FOR JURY TRIAL**

Plaintiff's Demand for Jury Trial does not require a response.

## **ADDITIONAL DEFENSES**

Defendants assert the following additional and affirmative defenses in response to the allegations in the Complaint.  Defendants reserve the right to amend this Answer with additional defenses as further information is obtained.  By alleging these additional defenses, Defendants are not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

### First Additional Defense

1. The Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### Second Additional Defense

2. Atari's claims are barred, in whole or in part, because Atari has not yet demonstrated that it possesses a valid, registered copyright for the allegedly infringed works.

### Third Additional Defense

3. Atari's claims are barred, in whole or in part, to the extent Atari does not own the allegedly infringed works.

### Fourth Additional Defense

4. Atari's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law or are in the public domain.

### Fifth Additional Defense

5. Atari has suffered no injury or damage as a result of any act or conduct Defendants.

### Sixth Additional Defense

6. To the extent Atari's purported copyright was not validly registered before the alleged infringement occurred, Atari's requests for statutory damages and attorneys' fees are barred.

### Seventh Additional Defense

7. The Complaint and each of its causes of action are barred by the doctrine of unclean hands.

**Eighth Additional Defense**

8. The Complaint's claims for damages are barred because Atari's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

**Ninth Additional Defense**

9. The Complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Atari, if any, would be adequately compensated in an action at law for damages, and therefore Atari is not entitled to seek equitable relief.

**Tenth Additional Defense**

10. The Complaint, to the extent that it seeks statutory or exemplary damages, violates Defendants' rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 7 and Article IV, Section 16 of the California Constitution.

**Eleventh Additional Defense**

11. Defendants' alleged use of any Atari copyrighted material is inactionable fair use.

**Twelfth Additional Defense**

12. Defendants' alleged use of any Atari copyrighted material is inactionable de minimis use.

**Thirteenth Additional Defense**

13. Atari's claims are barred, in whole or in part, because the allegedly infringed works are not substantially similar to the Video.

Defendants pray for relief as follows:

1. A judgment in favor of Defendants denying Atari all requested relief and dismissing the Complaint with prejudice;

2.  That Defendants be awarded their costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3.  That the Court award Defendants such other and further relief as the Court deems just and proper.

Dated: October 18, 2024

By: */s/ Marc A. Fuller*
     Marc A. Fuller

JACKSON WALKER LLP

Marc A. Fuller
Texas Bar No. 24032210
mfuller@jw.com
Emily Carlton
Texas Bar No. 24110812
ecarlton@jw.com
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

DAVIS WRIGHT TREMAINE LLP

Nicolas A. Jampol (*pro hac vice*)
Samuel Turner (*pro hac vice*)
865 S. Figueroa St., 24th Floor
Los Angeles, CA 90017
Tel: (202) 973-4258
nicolasjampol@dwt.com
samturner@dwt.com

Jake Freed (*pro hac vice*)
50 California Street, Suite 2300
San Francisco, CA  94111
Tel: (415) 276-6532
JakeFreed@dwt.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2024, I caused the foregoing to be served via electronic mail upon counsel of record.

*/s/ Ellen Duncan*
Ellen Duncan